IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOLDIE BROWN, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| C.R. BARD, INC., et al., | : | |
| Defendants. | : | NO. 12-5324 |

## MEMORANDUM

PRATTER, J.                                                                                                    APRIL 26, 2013

Goldie and Shantel Brown commenced this action in the Philadelphia County Court of Common Pleas against C.R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard"). Bard subsequently removed the case to this Court, prompting the Browns to file a motion to remand. For the reasons that follow, the Court denies the motion.

### BACKGROUND

In their complaint, the Browns seek medical monitoring for a class of Pennsylvania citizens who received inferior vena cava ("IVC") filters manufactured by Bard while residing in Pennsylvania, and who still have those IVC filters within their bodies. An IVC filter intercepts blood clots travelling from the lower portions of the body to the heart or lungs. The complaint alleges that Goldie Brown had such a filter implanted within her on August 3, 2005, while Shantel Brown received an implanted filter on November 25, 2008. The complaint further alleges that, due to the negligence of Bard, the IVC filters implanted in the Browns and other putative class members are at risk of fracturing at some point in the future. Therefore, putative class members must allegedly undergo CT scans or other imaging studies once or twice a year in order to ensure that their filters are not fracturing.

1

According to the complaint, the parties in this matter are of diverse citizenship. However, the complaint states that "this action . . . cannot be removed to federal court, because it does not allege a 'case or controversy' within the meaning of Article III of the United States Constitution. . . . This action expressly alleges that Plaintiffs have no present injury, but rather seek medical monitoring to hopefully prevent or at least detect the onset of future injuries." These allegations as to standing form the basis of the Browns' motion to remand.

On September 17, 2012, Bard removed the Browns' complaint to this Court pursuant to the Class Action Fairness Act ("CAFA"). Thirty days later, the Browns filed a motion to remand. The sole argument advanced by the Browns in their motion is that their complaint alleges an injury sufficient to create standing under Pennsylvania law, but does not allege an injury-in-fact under federal law, which requires a higher level of injury for standing.

**LEGAL STANDARD**

Under 28 U.S.C. § 1441,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

Removal must take place "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Generally, all defendants in a case must consent to removal in order to remove an action to federal court. *Balazik v. Cnty. of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995).

**DISCUSSION**

Under Article III of the United States Constitution, "standing requires an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011) (citations and quotations omitted). The plaintiffs in *Reilly* attempted to sue a payroll processing firm after a breach in the firm's security system potentially exposed the plaintiffs' personal information. *See id.* at 40. In holding that the plaintiffs lacked standing, the Third Circuit Court of Appeals compared them to litigants in defective-medical-device cases who require medical monitoring. *See id.* at 44. The court noted that in the latter type of cases, "*an injury has undoubtedly occurred.* In medical-device cases, a defective device has been implanted into the human body with a quantifiable risk of failure. . . . Hence, the damage has been done; we just cannot yet quantify how it will manifest itself." *Id.* at 45 (emphasis supplied).

The *Reilly* court also indicated its approval of the decision of the Sixth Circuit Court of Appeals in *Sutton v. St. Jude Medical S.C., Inc.*, 419 F.3d 568 (6th Cir. 2005). In that case, a plaintiff brought suit for medical monitoring on behalf of a putative class of persons who were implanted with an allegedly defective medical device but had yet to suffer a physical injury. *See id.* at 569-70. The *Sutton* court held that the plaintiff sufficiently pled an injury-in-fact by "suggest[ing] an increased risk of future harm resulting from being implanted with [the

defendant's] device." *See id.* at 574.  Moreover, at least two courts within this district have held that an injury-in-fact exists once a plaintiff suffers exposure to a toxic substance or a defective medical device.  *See In re Orthopedic Bone Screw Litig.*, MDL No. 1014, 1999 WL 455667, at *5 (E.D. Pa. July 2, 1999) (holding that "exposure to a potentially dangerous medical device whose safety has not been demonstrated" constitutes an injury-in-fact); *Carlough v. Amchem Prods., Inc.*, 834 F. Supp. 1437, 1447, 1454 (E.D. Pa. 1993) (holding that persons who have been exposed to asbestos but do not manifest any asbestos-related conditions "have alleged sufficient injury in fact").

Finally, the Southern District of Florida federal court recently opined on the very issue before this Court.  In *Bouldry v. C.R. Bard, Inc.*, No. 12-80951, 2012 U.S. Dist. LEXIS 181849 (S.D. Fla. Dec. 18, 2012), plaintiffs in whom Bard's IVC filters were implanted sought to remand their medical-monitoring claim on the grounds that they had not alleged an injury-in-fact.  *Id.* at *2-3.[1]  After noting that "courts that have considered the issue specifically in the context of medical monitoring have held that an alleged increased risk of future harm satisfies Article III's injury-in-fact requirement," *id.* at *8, the court denied the motion to remand, *id.* at *14.

The foregoing cases support finding that an injury-in-fact exists once a plaintiff has a potentially defective medical device implanted into her body.  Nonetheless, the Browns attempt to argue that they have not suffered an injury-in-fact under Article III.  First, the Browns note that the Defendants bear the burden of proving that standing exists.  The Browns are correct insofar as this Court must resolve "all doubts . . . in favor of remand.'"  *See Boyer,* 913 F.2d at 111 (citations and quotations omitted).  However, given the facts alleged in the complaint and the law in this Circuit, there are no doubts to resolve here.  Under *Reilly*, "an injury has

---

[1] The parties in *Bouldry* are represented by the same law firms as the parties in this case.

undoubtedly occurred" when a potentially defective medical device is implanted within a patient. 664 F.3d at 45. Therefore, the complaint's allegation that the Browns received potentially defective IVC filters ensures that they suffered an injury-in-fact under Article III.

Second, the Browns make much of their complaint's allegations that they have yet to suffer an injury-in-fact. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As *Bouldry* held, a court "is not required to accept the conclusion that Plaintiffs lack federal-court standing simply because Plaintiffs baldly assert that in their Complaint. Removal statutes would be rendered meaningless if plaintiffs could avoid removal simply by pleading in their complaints that they would lack standing in federal court." *Bouldry*, 2012 U.S. Dist. LEXIS 181849, at *13.

Third, the Browns contend that standing only exists if they allege that their future risk of physical injury exceeds a 50 percent chance of actually being manifest. None of the foregoing cases contain such a probability requirement. In fact, *Reilly* noted that standing exists in medical-device cases even if a court cannot quantify the increased risk of injury. *See* 664 F.3d at 45. Therefore, the Court will not grant the motion to remand on this basis. *See Bouldry*, 2012 U.S. Dist. LEXIS 181849, at *12 ("Plaintiffs appear to contend that they would possess standing only if they had alleged a future risk of injury that is greater than fifty percent. The decisions cited [in this opinion], however, did not require, as a threshold, an allegation that future harm was more likely than not.").

Having considered the aforementioned case law and the arguments advanced by the parties, the Court finds that the Browns have allegedly suffered an injury-in-fact. To hold otherwise would contravene the statement of the Third Circuit Court of Appeals that "an injury

has undoubtedly occurred" once a patient is implanted with a potentially defective medical device. *See Reilly*, 664 F.3d at 45. The Browns' arguments, while creative and made in apparent good faith, provide the Court with no reason to countenance such a result.

**CONCLUSION**

For the foregoing reasons, the Court denies the pending motion to remand. An appropriate Order follows.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge